BRISTOL, SS SUPERIOR COURT
FILED

MAR -1 2021

MARC J SANTOS, ESQ.
BRISTOL SS
CLERK/MAGISTRATE

**Commonwealth of Massachusetts**

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2173CV00111

Deborah Mignacco Thiverge PLAINTIFF(S),

v.

Home Depot U.S.A., Inc., DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Home Depot U.S.A., Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol County Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Bristol County Superior Court, 9 Court St., Taunton, MA 02780 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: The Bottaro Law Firm, LLC 756 Eddy Street, Providence, RI 02903

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on February 16, 20 21. (SEAL)

Marc J. Santos
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999
*Suffolk, ss.*

February 23, 2021

I hereby certify and return that on 2/23/2021 at 8:40 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez, agent, person in charge at the time of service for Home Depot USA, Inc., at Corporation Service Company 84 State Street Boston, MA 02109 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($17.92) Total: $54.22

Deputy Sheriff Joseph Casey

*Deputy Sheriff*

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                  SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO.:

DEBORAH MIGNACCO THIVIERGE,  )
    Plaintiff,                             )
                                              )
v.                                            )
                                              )
HOME DEPOT U.S.A., INC.                       )
    Defendant.                             )

### COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES AND JURISDICTION

1. Plaintiff, Deborah Mignacco Thivierge ("Plaintiff"), is a resident of Warren, Rhode Island.

2. Upon information and belief, Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a corporation organized under the laws of the State of Delaware with a principal place of business of 2455 Paces Ferry Road, Atlanta, Georgia.

3. Upon information and belief, Home Depot transacts business in the Commonwealth of Massachusetts.

4. The Superior Court has jurisdiction over this matter pursuant to G.L. c. 212, § 3.

5. Pursuant to G.L. c. 233, § 1, venue is proper in Bristol County as Home Depot maintains a place of business in the Town of Seekonk.

### FACTS

6. Plaintiff re-states and re-alleges paragraphs 1–5 as if fully set forth herein.

1

7.  On or about January 17, 2020, Home Depot operated a retail store on the premises located on or about 95 Highland Avenue, Seekonk, Massachusetts ("the premises").

8.  On or about January 17, 2020, while lawfully on the premises and walking in the parking lot in front of the Home Depot retail store, Plaintiff was injured by a dangerous condition existing thereon.

9.  Plaintiff was at all times pertinent to this Complaint in the exercise of due care.

## COUNT I
## (Negligence)

10. Plaintiff re-states and re-alleges paragraphs 1–9 as if fully set forth herein

11. Plaintiff, as Home Depot's customer, was reasonably expected to be on the premises.

12. Home Depot owed Plaintiff a duty to exercise reasonable care for her safety, as well as to protect her against the risks of dangerous condition(s) existing on the premises that Home Depot either knew of or, in the exercise of reasonable care, would have discovered.

13. Home Depot breached its duty owed to Plaintiff where Home Depot knew of or, in the exercise of reasonable care, would have discovered the dangerous condition(s) which injured Plaintiff and either: (1) breached a covenant to repair and/or correct said dangerous condition(s) or, alternatively, assumed the responsibility for repairing and/or correcting such dangerous condition(s), yet failed to do so; and/or, (2) the dangerous condition(s) which injured Plaintiff resulted from a latent defect(s) on the

premises which was known to Home Depot and which Home Depot failed to protect Plaintiff from.

14. As a direct and proximate result of Home Depot's negligence, Plaintiff sustained personal injuries, experienced pain and suffering, both mental and physical, incurred medical expenses, and suffered a loss of earning capacity, all of which will continue in the future.

WHEREFORE, Plaintiff, Deborah Mignacco Thivierge, demands judgment against Home Depot for compensatory damages in an amount sufficient to invoke the jurisdiction of this Court and to fully compensate her for her injuries, plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby claims a trial by jury on all issues so triable.

>  Plaintiff,
>  Deborah Mignacco Thivierge,
>  By Her Attorneys,
>
>  /s/ Michael F. Curtis
>  Michael F. Curtis, Esq. (BBO# 685402)
>  michael@bottarolaw.com
>  Michael R. Bottaro, Esq. (BBO# 665985)
>  mike@bottarolaw.com
>  The Bottaro Law Firm LLC
>  756 Eddy Street
>  Providence, RI 02903
>  Tel. (401) 383-5007
>  Fax (401) 383-5005

Dated: February 3, 2021

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Deborah Mignacco Thivierge | | COUNTY | Bristol |
|---|---|---|---|---|
| ADDRESS: | 14 Strawberry Lane | | | |
| | Warren, RI 02885 | DEFENDANT(S): | Home Depot U.S.A., Inc. | |
| ATTORNEY: | Michael F. Curtis | | | |
| ADDRESS: | The Bottaro Law Firm LLC | ADDRESS: | c/o Corporation Service Company | |
| | 756 Eddy Street | | 84 State Street | |
| | Providence, RI 02903 | | Boston, MA 02109 | |
| BBO: | 685402 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip & Fall | F | ☒ YES    ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................... $ 8,220.35
  2. Total doctor expenses .................................................................................................. $ n/a
  3. Total chiropractic expenses ......................................................................................... $ n/a
  4. Total physical therapy expenses ................................................................................. $ 7,315.00
  5. Total other expenses (describe below) ....................................................................... $ 8,519.38
                                                                                         Subtotal (A): $ 24,054.73

Rescue; Radiology; Pain Center; Orthopedic

B. Documented lost wages and compensation to date ................................................. $ TBD
C. Documented property damages to dated ..................................................................... $ n/a
D. Reasonably anticipated future medical and hospital expenses ............................... $ TBD
E. Reasonably anticipated lost wages ............................................................................... $ TBD
F. Other documented items of damages (describe below) ............................................ $ TBD

Permanent Impairment

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Avulsion Fracture of Right Shoulder; Dislocation of Right Shoulder; Hill-Sachs Lesion; Lumbosacral Spondylosis and

Radiculitis; Right Leg Pain; Lumbar Radiculopathy; Sciatic Neurotmesis

TOTAL (A-F): $ TBD

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ TBD

Signature of Attorney/Pro Se Plaintiff: X _[signature]_     Date: 2/3/2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_     Date: 2/3/2021

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2173CV00111 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Mignacco Thivierge, Deborah vs. Home Depot U.S.A., Inc | | Marc J. Santos, Clerk of Court Bristol County |
| TO: Michael F Curtis, Esq. Bottaro Law Firm LLC 756 Eddy St Providence, RI 02903 | | COURT NAME & ADDRESS Bristol County Superior Court - Taunton 9 Court Street, Rm 13 Taunton, MA 02780 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                     DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/11/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 06/10/2021 | |
| All motions under MRCP 12, 19, and 20 | 06/10/2021 | 07/12/2021 | 08/09/2021 |
| All motions under MRCP 15 | 06/10/2021 | 07/12/2021 | 08/09/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 12/07/2021 | | |
| All motions under MRCP 56 | 01/06/2022 | 02/07/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/06/2022 |
| Case shall be resolved and judgment shall issue by | | | 02/10/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED 02/10/2021 | ASSISTANT CLERK **Garrett Fregault** | PHONE (508)823-6588 |
|---|---|---|

Date/Time Printed: 02-10-2021 11:23:33                                                                  SCV026\ 08/2018